UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>           Plaintiff,<br><br>      v.<br><br>CDCR APPEALS, et al.,<br><br>           Defendants. | No. 2:17-cv-0516 AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint names Chief of Appeals R.C. Briggs, Appeals Examiner J. Benavidez, and Warden Jeff Macomber as defendants. ECF No. 1 at 2. Plaintiff alleges that his rights under the First and Fourteenth Amendments were violated when defendants denied him the ability to receive or purchase "xxx-rated magazines" on the grounds that the magazines are disturbing and offensive. Id. at 3-4. He further asserts that defendants have failed to explain how the magazines pose a danger to the safety or security of the prison. Id.

### IV. Failure to State a Claim

#### A. First Amendment

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Accordingly, "challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system." Id. Prison restrictions are valid when they are "reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987).

Plaintiff appears to be challenging the constitutionality of title 15, section 3135 of the California Code of Regulations, titled "Disturbing or Offensive Correspondence." The regulation prohibits inmates from receiving mail that contains "obscene material," which is defined as

> catalogs, advertisements, brochures, and/or material taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest. It is material which taken as a whole, depicts sexual conduct, and lacks serious literary, artistic, political, or scientific value. Additionally, material is considered obscene when it appears from the nature of the matter or the circumstances of its dissemination, distribution or exhibition that it appeals to deviant sexual groups.

Cal. Code Regs. tit. 15, § 3135(d). The regulation further contains a non-exhaustive list of types of images that are subject to the test above, including sexually explicit materials, defined as materials showing frontal nudity, and depictions of sexual penetration. Id. Though plaintiff does not specifically identify the magazines he has been unable to purchase or describe their content, his identification of the magazines as "xxx-rated" and "adult" indicates that the magazines are specifically intended to appeal to prurient interests and include the types of sexual images specifically prohibited by § 3135.

The Ninth Circuit has repeatedly held that policies prohibiting inmates from possessing sexually explicit materials are valid. E.g., Mauro v. Arpaio, 188 F.3d 1054, 1063 (9th Cir. 1999) (en banc) (prohibition on sexually explicit materials did not violate First Amendment); Frost v. Symington, 197 F.3d 348, 358 (9th Cir. 1999) (prison policy restricting receipt of images depicting sexual penetration did not violate First Amendment); Bahrampour v. Lampert, 356 F.3d 969, 976 (9th Cir. 2004) (regulations prohibiting sexually explicit materials was constitutional); Munro v. Tristan, 116 F. App'x 820, 821 (9th Cir. 2004) (holding that district court properly dismissed at screening plaintiff's claim that California Department of Corrections' ban on sexually explicit materials containing frontal nudity was unconstitutional); Jost v. Lockyer, 127 F. App'x 358, 359 (9th Cir. 2005) (affirming dismissal of complaint on screening because policy banning materials with full frontal nudity and language advocating violence was reasonably related to legitimate penological interests); Crozier v. Endel, 446 F. App'x 14, 14 (9th Cir. 2011) (prison policy banning erotic magazine reasonably related to legitimate penological interests and First Amendment claim was properly dismissed at screening). Because plaintiff's claim is foreclosed by binding precedent, plaintiff has failed to state a claim for relief for violation of his First Amendment rights and the claims should be dismissed.

B. Fourteenth Amendment

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Prisoners are not a protected class. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (inmates denied tobacco use based on housing location not a protected class). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff has failed to establish that he is a member of a suspect class, and has not alleged facts demonstrating that similarly situated individuals are being treated differently. Indeed, he asserts that all prisoners are prohibited from viewing or purchasing adult magazines. ECF No. 1 at 4. Accordingly, plaintiff's allegations that defendants violated his rights protected under the Equal Protection Clause also fail to state claims for relief.

V. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Plaintiff's allegations do not state viable claims for relief and, given the nature of the claims, leave to amend would be futile and it will therefore be recommended that the complaint be dismissed without leave to amend. <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile." (citation omitted)).

    VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The magistrate judge is recommending that your First Amendment claim be dismissed without leave to amend because the Ninth Circuit has said that policies preventing inmates from receiving sexually explicit materials are related to valid correctional goals. Existing legal authority makes it clear that you cannot establish a violation of your First Amendment rights. Because the policy applies to all inmates, your equal protection claim is also legally flawed in a way that can't be fixed by amendment. So it is being recommended that your case be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections

with the court. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE